CASE 32—AGREED CASE—FEBRUARY 7.

## Nantz vs. Lober.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. A conditional tender is not good to stop interest; and a refusal, afterwards, to pay money as tendered, would deprive the tender of all legal availability.

2. Where the debtor, after the tender, used the money tendered, as well as the land for which he owed it, apprehending no danger as to the title, and made the tender, not in good faith, but for an unreasonable advantage, he would not be entitled to exoneration of interest.

R. J. BROWNE, for appellant, cited 1 *Bibb*, 273; 6 *Dana*, 232; 7 *B. M.*, 283; 22 *Ind. Rep.*, 282.

HARDIN & McILVOY, for appellee, cited 1 *Marsh.*, 161; 3 *Sug. on Vend.*, p. 63.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This agreed case, submitted according to the Code for decision by the circuit court, presents, as we understand it, only a question of interest on a debt tendered by the appellee to the appellant *in gold*, on condition that the latter would convey to the former a legal title to land, the sale of which was the consideration of the indebtedness, and the principal of which, the tender having been rejected, has since been amicably adjusted, leaving for judicial settlement the unpaid interest. The appellee—insisting that the tender was good—refused (when he

afterwards settled the principal by paying its amount in depreciated paper, and accepted a conveyance) to pay any interest accruing after the tender; and the appellant claims the subsequent interest, because, as he contends, the tender, as now relied on, is not available, and because the appellant, after the tender, enjoyed the use of the money and of its equivalent, the land.

The circuit judge decided that issue in favor of the appellee; and this was, in our judgment, erroneous.

1. The tender was not good to stop interest, because it was conditional. Nor, were this an action for the debt, would a plea of tender be good without an offer to pay the money, as tendered, into court to the use of the creditor who had a right thereto, without a new suit. But the refusal of the appellee afterwards to pay the money as tendered, deprived the tender of all legal availability and effect; and, of course, it could not stop the running of interest.

2. It is evident, on the facts agreed, that, after the tender, the appellee used the money tendered as well as the land for which he owed it. And it is equally apparent that the appellee apprehended no danger as to the title to the land, and made the formal tender, not for payment in kind and in good faith, but for an unreasonable advantage. We are, therefore, of the opinion that he is not entitled to exoneration of any interest.

Having thus disposed of the question submitted, it is unnecessary, and would be rather ultra-judicial, to volunteer, as we are asked to do, an opinion on the constitutionalty of the late tender act of Congress. Unless required by the record, we would not anticipate a more authoritative decision of that important question by the Supreme Court of the United States. And, therefore, not being so required, or even properly permitted in this case, we shall forbear any intimation of our opinion.

For the reasons herein suggested, the judgment of the circuit court is reversed, and the cause remanded, with instructions to render judgment for the appellant for legal interest from the date of the tender to that of the payment of the prin-

cipal, and the like interest on the sum thus and then due, from the date of that payment to the time of the judgment.